UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NARINDER S. SAMRA,

        NO. CIV. S-08-2587 LKK/GGH

      Plaintiff,

    v.

KARNAIL S. JOHAL, NILAKUMARI
JOHAL, DOES 1 through 20,

      Defendants.

_____/

                O R D E R

NARINDER S. SAMRA,
HARMINDER K. SAMRA,

      Plaintiffs,

        NO. CIV. S-08-2589 LKK/GGH

    v.

KARNAIL S. JOHAL, NILAKUMARI
JOHAL, GRIGORY YELKIN,
TATYANA YELKIN, STEWART
TITLE, DOES 1 through 20,

      Defendants.

_____/

    Before the court are two related cases.  Both involve fraud
and contracts claims between essentially the same parties, relating

1

1  to real estate transactions and investments.

2      In the first case, 2:08-cv-02587-LKK-GGH, plaintiff Narinder

3  S. Samra sues defendants Karnail S. Johal and Nilakumari Johal, for

4  events related to the purchase of "the Farnsworth Property,"

5  located in Washington state.

6      The second case, 2:08-cv-02589-LKK-GGH, involves these same

7  parties, but adds Harminder K. Samra as an additional plaintiff,

8  and Grigory Yelkin, Tatyana Yelkin, and the Stewart Title Co. as

9  additional defendants.  This case concerns events related to

10  various other properties in Washington, and the individual

11  defendants' actions in forming a limited liability company, "Land

12  to Home, LLC."

13      Karnail S. Johal, Nilakumari Johal, Grigory Yelkin, and

14  Tatyana Yelkin (for purposes of this order, "individual

15  defendants") move in both cases for dismissal for lack of personal

16  jurisdiction or for lack of venue, or in the alternative, for

17  transfer of venue to the Western District of Washington.

18                          **I. BACKGROUND**

19      Plaintiffs reside in California.  Defendants reside in

20  Washington, and none of them has ever resided in California.

21  Karnail Johal is a non-citizen.

22      In the Farnsworth case, plaintiff Narinder S. Samra alleges

23  that Karnail met with Narinder in Sacramento, California and made

24  fraudulent statements which induced Narinder to give Karnail

25  $140,000 to invest in a plan to purchase real estate in Washington.

26  Plaintiff alleges that as part of this plan, he and the Johals

agreed that all of their names would be put on this property. However, the Johals allegedly refused to put Narinder's name on the property and failed to sell the property. Narinder filed suit for breach of fiduciary duty, fraud and intentional deceit, conversion, breach of contract, and breach of the covenant of good faith and fair dealing.

The Land to Home case involves similar claims. Karnail Johal allegedly traveled to Sacramento, California and met with the plaintiff Samras in their home in order to induce them to invest in property in Washington. This investment took the form of becoming partners, shareholders, and owners in Land to Home, LLC, a Washington limited liability company designated solely to purchase and sell certain particular real estate.[1] Karnail Johal was allegedly the managing partner of Land to Home. Plaintiffs invested $200,000 in Land to Home. Land to Home allegedly successfully purchased the subject property and sold it at a substantial profit without paying the appropriate share of this property to plaintiffs. Plaintiffs allege that defendant Stewart Title, acting under Karnail's direction, inappropriately disbursed the profits to plaintiffs and individual defendants. Against the individual defendants, plaintiffs bring the same causes of action as those in the Farnsworth case: breach of fiduciary duty, fraud and intentional deceit, conversion, breach of contract, breach of the covenant of good faith and fair dealing. Defendants' claims

---

[1] Plaintiffs have not named Land to Home itself as a defendant.

1   for dismissal are based on this courts purported lack of personal

2   jurisdiction.    Those claims do not survive if the case is

3   transferred to the Western District of Washington.    Because

4   transfer is otherwise appropriate, the court does not address the

5   issue of personal jurisdiction.

6   **A.    Whether Venue Is Proper Here**

7       Plaintiffs provide two bases for venue.    First, as to claims

8   against Karnail Johal, plaintiffs argue that venue is proper under

9   28 U.S.C. § 1391(d).    This section provides that "[a]n alien may

10   be sued in any district." "§ 1391(d) is properly regarded . . . as

11   a declaration of the long-established rule that suits against

12   aliens are wholly outside the operation of all the federal venue

13   laws, general and special." <u>Brunette Mach. Works, Ltd. v. Kockum</u>

14   <u>Indus., Inc.</u>, 406 U.S. 706, 714 (1972).    Plaintiffs allege that

15   defendant is an alien, and defendants have not contested this

16   allegation.

17       From the fact that venue is proper against Karnail Johal it

18   does not follow that venue is proper in the entire suit.    "[V]enue

19   in an action in which an alien and a citizen are joined as

20   defendants is proper in any district in which venue would be proper

21   if the citizen was sued alone."    14D Wright and Miller, Fed. Prac.

22   & Proc., Juris.3d § 3807 (2008).

23   **B.    Transfer of Venue**

24       28 U.S.C. section 1404(a) provides that "for the convenience

25   of the parties and witnesses, in the interest of justice, a

26   district court may transfer any civil action to any other district

1   or division where it might have been brought." See also Decker

2   Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir.

3   1986).

4       Plaintiffs' claims against the various defendants clearly

5   could have been brought in the Western District of Washington.  The

6   defendants are residents of Washington, so personal jurisdiction

7   would be proper there.  Venue is proper for suits against Karnail

8   Johal in any district, and venue would apparently be proper for

9   Stewart Title under either 28 U.S.C. § 1391(a)(1) or § 1391(a)(2).

10      All of the witnesses identified by the parties at this point

11  reside in Washington.[2]  As such, litigating this case in California

12  will impose a significantly greater burden than would litigating

13  this case in Washington.  Aside from the convenience for witnesses,

14  the parties' interests in convenience are predictably opposed.

15  Defendant Stewart Title has not weighed in on the transfer of

16  venue.

17      As to the interests of justice, the Ninth Circuit has stated

18  that among the factors courts may consider are "(1) the location

19  where the relevant agreements were negotiated and executed, (2) the

20  state that is most familiar with the governing law, (3) the

21  plaintiff's choice of forum, (4) the respective parties' contacts

22  with the forum, (5) the contacts relating to the plaintiff's cause

23

24      [2] Plaintiff noted that a defendant should not be able to
    procure a transfer simply by naming additional witnesses in the
25  transferee forum whose testimony is only tangentially related to
    the claims at issue.  Even if the court ignores many of defendants'
26  named witnesses, this does not change the result.

of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498-499 (9th Cir. 2000). In this case, the balance of these factors support litigating in Washington.

### IV. CONCLUSION

For the reasons stated above, this court ORDERS that:

1)    Defendants' motion under 28 U.S.C. 1404(a) to transfer both cases to the Western District of Washington is GRANTED.

IT IS SO ORDERED.

DATED: February 5, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT