UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NARINDER S. SAMRA, *et al.*,          )
                             Plaintiffs,      )   Case No. C09-0176RSL
        v.                                )
                                              )   ORDER GRANTING DEFENDANT
KARNAIL S. JOHAL, *et al.*,            )   STEWART TITLE'S MOTION FOR
                             Defendants.    )   SUMMARY JUDGMENT
_____)

        This matter comes before the Court on "Stewart Title's Motion for Summary Judgment Dismissal." Dkt. # 57. Plaintiffs assert claims of breach of fiduciary duty, negligence, negligent entrustment, and breach of the duty of good faith and fair dealing against defendant Stewart Title. Defendant seeks summary judgment on all of plaintiffs' claims based primarily on a lack of duty owed to plaintiffs.

        Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has

ORDER GRANTING DEFENDANT STEWART
TITLE'S MOTION FOR SUMMARY JUDGMENT

satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

## BACKGROUND

In 2002, defendants Karnail and Nilakumari Johal entered into an agreement to purchase property identified as 240xx 108th Avenue SE, Kent, Washington. At the beginning of 2003, the Johals and another couple, defendants Grigory and Tatyana Yelkin, created Land to Home LLC to purchase and develop the property. In mid-2003, plaintiffs Narinder and Harminder Samra asked to invest in the project. Plaintiffs came to Washington for the August 2003 closing on the property, at which they contributed $200,000 toward the purchase price and signed handwritten documents related to the formation of the LLC.

One of the LLC documents signed in August 2003 appointed "Karnail S. Johal with the authority to sign all necessary documents pertaining to the Land to Home LLC business including buying and selling the property . . . ." Karnail Johal was also granted "the authority to represent the company/LLC in all other legal matters." Decl. of Robert M. Zoffel (Dkt. # 81),

---

[1] Plaintiffs did not request oral argument pursuant to Local Civil Rule 7(b)(4), and the Court finds that this matter can be decided on the papers submitted. Stewart Title's request for oral argument is DENIED.

ORDER GRANTING DEFENDANT STEWART
TITLE'S MOTION FOR SUMMARY JUDGMENT   -2-

Ex. B. Mr. Samra acknowledged that his and his wife's signatures are on that document and that the purpose of the document was to authorize defendant Karnail Johal to act on behalf of the LLC. Decl of Counsel (Dkt. # 58), Ex. D at 18 and 121-24. Ms. Samra acknowledges her signature on the document, remembers sitting down with the five other signatories to sign documents related to the formation of the LLC, and recognizes that the August 2003 document gave Mr. Johal the authority to sign papers on behalf of the LLC. Decl. of Counsel (Dkt. # 58), Ex. E at 45-48. In their complaint, plaintiffs allege that Mr. Johal was authorized to represent Land to Home LLC as its general partner/manager and that he had authority to sign all necessary documents pertaining to the purchase and sale of the property. Dkt. # 1 at ¶¶ 14-15.

On August 2, 2006, the property was sold by Land to Home LLC to Alex White & Co. and/or its assignee, Schneider Homes, Inc. Stewart Title was the escrow agent for this sale. Defendant Karnail Johal provided documents to Stewart Title confirming his identity and his authorization to represent the limited liability company in the transaction: specifically, Mr. Johal provided the Certificate of Formation for the LLC, his driver's license, and a copy of the August 2003 handwritten authorization document. Decl. of Counsel (Dkt. # 58), Ex. A at 63-64. Although the escrow agent who handled this transaction does not remember what specific authorization documents were provided, she confirmed receiving the documents and forwarding them to the legal department for review. Decl. of Carrianne Litowitz (Dkt. # 59) at ¶¶ 3-5. The paper file related to this transaction was converted to a digital format: the documents evidencing Karnail Johal's authority to act on the LLC's behalf are not in the electronic file retained by Stewart Title. Decl. of Gala Payne (Dkt. # 70).

In July 2006, the parties to the escrow, Land to Home LLC and Schneider Homes, Inc., signed the escrow instructions prepared by Stewart Title. Mr. Johal provided a handwritten addendum indicating that "additional instructions regarding disbursement of funds from the proceeds of the sale" would be forthcoming. Decl. of Carrianne Litowitz (Dkt. # 59), Ex. A. On

ORDER GRANTING DEFENDANT STEWART
TITLE'S MOTION FOR SUMMARY JUDGMENT   -3-

August 4, 2006, Mr. Johal provided the disbursement instructions, specifying a number of recipients and the amounts they were to receive. Decl. of Kim Martinez (Dkt. # 60), Ex. A. Stewart Title prepared the checks in the amounts and to the payees identified in the escrow instructions. Id. at ¶ 5.

Plaintiffs sued Stewart Title in the Eastern District of California on October 30, 2008. The complaint asserts claims of breach of fiduciary duty, negligence, negligent entrustment, and breach of the duty of good faith and fair dealing arising out of Stewart Title's issuance of individually-payable checks and its failure to require Mr. Johal to prove that the manner of distribution was acceptable to each member of the LLC. Dkt. # 1 at ¶¶ 26 and 30. On February 10, 2009, the action was transferred to the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

In its motion, Stewart Title argues that it fully discharged its duties when it complied with the written escrow instructions provided by the parties to the escrow. See Nat'l Bank of Wash. v. Equity Investors, 81 Wn.2d 886, 910 (1973). In response, plaintiffs assert that (1) Stewart Title failed to ascertain that Mr. Johal was authorized to act on behalf of the LLC and (2) even if Stewart Title obtained a copy of the August 2003 handwritten authorization document, it should have inquired further to determine whether Mr. Johal had the authority to disburse the proceeds of the sale to the LLC members and/or third parties.

**A. Confirming Mr. Johal's Authorization to Act**

Stewart Title is willing to concede that, before closing a transaction, an escrow agent should take steps to assure itself that a person purporting to act on behalf of a corporate entity is authorized to do so.[2] There is ample evidence in the record that Stewart Title satisfied

---

[2] Under Washington law, the duty to inquire arises when a person has knowledge of facts that suggest some limitation on or question regarding the authority of an agent with whom he or she is transacting business. See Stroud v. Beck, 49 Wn. App. 279, 285 (1987); Glendale Realty, Inc. v.

ORDER GRANTING DEFENDANT STEWART
TITLE'S MOTION FOR SUMMARY JUDGMENT   -4-

this obligation. The escrow officer who opened the file had handled numerous closings involving limited liability companies and had experience confirming the identity and authorization of the person acting on the LLC's behalf. There is evidence that Mr. Johal produced the appropriate papers upon request and that the escrow officer forwarded the information to Stewart Title's title department for review. Thus, the evidence in the record shows that Stewart Title took reasonable steps to confirm that Mr. Johal was, in fact, authorized to sell the property on behalf of Land to Home LLC.

Plaintiffs' argument to the contrary is based solely on the fact that Stewart Title has been unable to produce a copy of the authorization documents during discovery in this litigation. Plaintiffs have no personal knowledge regarding the communications that passed between Mr. Johal and Stewart Title and cannot contest their version of events. The fact that the authorizing documents were not in Stewart Title's files two years after the transaction was closed does not give rise to an inference that they never had them. The parties to the transaction both assert that Stewart Title confirmed Mr. Johal's authorization to act on Land to Home LLC's behalf before closing, and Stewart Title has explained some of the difficulties it encountered while transferring its transfer paper files into a digital format. Decl. of Gala Payne (Dkt. # 70).

**B. The Scope of Mr. Johal's Authorization to Act**

Plaintiffs argue that Mr. Johal was not authorized to disburse the proceeds of the sale to the LLC members and/or third parties, and that Stewart Title should have contacted the absent LLC members to determine the scope of Mr. Johal's authorization. The documents provided to Stewart Title showed that Mr. Johal was authorized "to sign all necessary documents pertaining to the Land to Home LLC business including buying and selling the property located at 240xx 108th Avenue SE" and "to represent the company/LLC in all other legal matters." This language is very broad, and Stewart Title would reasonably have believed that Mr. Johal was

---

Johnson, 6 Wn. App. 752, 757 (1972).

ORDER GRANTING DEFENDANT STEWART
TITLE'S MOTION FOR SUMMARY JUDGMENT   -5-

authorized to collect and disburse money on the LLC's behalf.  Nothing in the documents provided or the circumstances presented suggested that Mr. Johal was subject to an unstated limitation on his authority.  Stewart Title was not obligated to inquire further, nor should it be thrust into the role of protector for all non-managing members of an LLC.

**C.  Motions to Strike**

Plaintiffs move to strike the August 2003 handwritten documents authorizing Mr. Johal to act on behalf of Land to Home LLC on the ground that plaintiffs may not have signed the originals.  In response to Stewart Title's motion for summary judgment, plaintiffs submitted declarations stating "I did not copy the signatures onto the original of either document" and "[a]lthough I recognize my signature on both documents, I do not remember which of the two I actually signed."  Decl. of Narinder S. Samra (Dkt. # 82) at ¶ 2; Decl. of Harminder K. Samra (Dkt. # 83) at ¶ 2.  Both statements imply that there is something wrong with the handwritten documents without providing any facts in support of the implication.  Taken together, the statements suggest that a forger was at work, but such an inference contradicts the allegations of the complaint and plaintiffs' discovery responses.  Until very recently, plaintiffs acknowledged that Karnail Johal was the manager of Land to Home LLC and had authority to act on its behalf.  Plaintiffs stated at deposition that this authority was reflected in the August 2003 documents, which they both signed.  Although Ms. Samra indicated some confusion about how many documents she signed in August 2003, she remembered sitting with the other five members and authenticated her signature on both authorizing documents.  Decl. of Counsel (Dkt. #58), Ex. E at 45-47.  In response to a Rule 36 request for admission, plaintiffs admitted that the key authorization document in the Court's records was signed by them on August 22, 2003.  Decl. of Tom Hayton (Dkt. # 78).

Plaintiffs' declarations are notable for what they do not say.  They do not state that plaintiffs did not sign the August 2003 authorizing documents.  Nor do they state that plaintiffs

ORDER GRANTING DEFENDANT STEWART
TITLE'S MOTION FOR SUMMARY JUDGMENT    -6-

never intended or agreed to give Mr. Johal managerial authority over the operations of the LLC. Rather, plaintiffs rely on innuendo to contradict their prior deposition testimony and Rule 36 admissions. Even if plaintiffs were willing and able to make clear factual averments challenging the authenticity of the August 2003 documents, they may not create a material issue of fact simply by disagreeing with themselves. Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009). The Court has, therefore, considered the August 2003 documents. Plaintiffs' motion to strike is DENIED.

Plaintiffs also objects to the consideration of certain statements made by Mr. Samra during his deposition. This objection is overruled. Counsel asked Mr. Samra what Karnail Johal's role was in Land to Home LLC and what he thought Stewart Title did incorrectly. Mr. Samra's testimony has been considered to the extent that it reflects his understanding and perception of the parties' arrangement and the acts and omissions of Stewart Title.

For all of the foregoing reasons, Stewart Title's motion for summary judgment is GRANTED.

Dated this 13th day of September, 2010.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT STEWART
TITLE'S MOTION FOR SUMMARY JUDGMENT   -7-