UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
NARINDER S. SAMRA, *et al.*,                        )
                                                    )   Case No. C09-0176RSL
                    Plaintiffs,                     )
        v.                                          )
                                                    )   ORDER GRANTING IN PART
KARNAIL S. JOHAL, *et al.*,                         )   DEFENDANTS' MOTION FOR
                                                    )   SUMMARY JUDGMENT
                    Defendants.                     )
_____)

        This matter comes before the Court on "Defendants Johals and Yelkins' Motion for Summary Judgment of Dismissal." Dkt. # 61. Plaintiffs assert claims of breach of fiduciary duty, fraud, conversion, breach of contract, and breach of the duty of good faith and fair dealing against defendants Karnail and Nilakumari Johal and Grigory and Tatyana Yelkin. Defendants argue that all of plaintiffs' claims are barred by the applicable statutes of limitation. Defendants also seek dismissal of plaintiffs' demand for punitive damages because such damages are contrary to the public policy of Washington.

        Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

## BACKGROUND

In 2002, defendants Karnail and Nilakumari Johal entered into an agreement to purchase property identified as 240xx 108th Avenue SE, Kent, Washington. At the beginning of 2003, the Johals and another couple, defendants Grigory and Tatyana Yelkin, created Land to Home LLC to purchase and develop the property. In mid-2003, plaintiffs Narinder and Harminder Samra asked to invest in the project. Plaintiffs came to Washington for the August 2003 closing on the property, at which they contributed $200,000 toward the purchase price and signed handwritten documents related to the formation of the LLC.

---

[1] Plaintiffs' objection to the August 2003 document authorizing Mr. Johal to represent the LLC is all legal matters is overruled for the reasons stated in the "Order Granting Defendant Stewart Title's Motion for Summary Judgment," of even date. Defendants' calculation of the expenses Land to Home LLC incurred in recovering the property after the October 2003 sale and their accounting related to that sale are not relevant to the issues raised in their motion and have not been considered. Plaintiffs' other evidentiary objections are overruled.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT                -2-

In October 2003, the LLC sold the property to Four Seasons Roof and Remodel, Inc., in exchange for $81,000 in cash and three promissory notes, each of which was secured by a deed of trust on a townhome that Four Seasons was going to build on the property. Documents related to the sale were recorded with the King County Records Office on October 22, 2003. Four Seasons' development project did not go well, however, and its construction lenders initiated foreclosure proceedings. In order to safeguard its subordinated promissory notes, Land to Home LLC paid off Four Seasons' lenders and reacquired the property.

On August 2, 2006, the property was sold by Land to Home LLC to Schneider Homes, Inc. Defendant Stewart Title was the escrow agent for this sale. Pursuant to Mr. Johal's instructions, Stewart Title prepared checks disbursing the proceeds of the sale to various individuals in specified amounts. In November 2006, plaintiffs received a disbursement of $260,000 from Loan to Home LLC. This action was filed on October 30, 2008.

## DISCUSSION

**A. Statute of Limitations**

Plaintiffs filed this litigation on the theory that defendants intentionally breached the oral contract between the parties regarding the distribution of proceeds earned from the sale of the Kent property. Plaintiffs allege that they are entitled to 78.4% of the proceeds because they contributed 78.4% of the initial purchase price. Defendants argue that all of plaintiffs' claims are barred by the applicable statutes of limitation because plaintiffs knew or should have known in October 2003 that defendants were not going to pay them 78.4% of the sale price.

All of plaintiffs' causes of action arose when defendants distributed the LLC's assets in a manner contrary to the parties' oral agreement. As far as the record shows, the LLC retained its assets until the end of 2006: no distribution occurred in 2003. Defendants' theory seems to be that plaintiffs should have filed suit when they had reason to suspect that defendants would, eventually, not live up to their promises. Such a claim would have been speculative and

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT           -3-

subject to dismissal for lack of breach and/or damages. Defendants' statutes of limitation argument is not well-taken.

**B. Punitive Damages**

All parties agree that Washington law applies to plaintiff's punitive damage claim. Because Washington courts have "consistently disapproved punitive damages as contrary to public policy," plaintiffs' claim for such damages is DISMISSED. Dailey v. N. Coasts Life Ins. Co., 129 Wn.2d 572, 574 (1996).

For all of the foregoing reasons, defendants' motion for summary judgment is GRANTED in part. Plaintiffs' claim for punitive damages is DISMISSED.

Dated this 13th day of September, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge