UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NARINDER S. SAMRA, *et al.*,           )
                        Plaintiffs,  )  Case No. C09-0176RSL
     v.                                                    )
                                         )  ORDER DENYING PLAINTIFFS'
KARNAIL S. JOHAL, *et al.*,              )  MOTION FOR PARTIAL
                                         )  SUMMARY JUDGMENT
                       Defendants.     )
_____)

       This matter comes before the Court on "Samras' Motion for Summary Judgment." Dkt. # 64. Plaintiffs seek summary judgment on their claims of breach of fiduciary duty, conversion, and restitution[1] against defendants Karnail and Nilakumari Johal and Grigory and Tatyana Yelkin and on their claim of negligence against defendant Stewart Title. Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure

---

[1] Although plaintiffs did not assert a claim for restitution or unjust enrichment in their complaint, they did allege that defendants were "unjustly enriched." Dkt. # 1 at ¶ 34. The Court assumes, for purposes of this motion, that defendants had notice of the restitution claim.

ORDER DENYING PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT

materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial."  Celotex Corp., 477 U.S. at 324.  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment.  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor."  Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1)  Even if all parties are willing to concede that the profits and losses of Land to Home LLC should be allocated in proportion to the agreed value of the contributions made by each members, there are genuine issues of fact regarding the parties' contributions that preclude summary judgment on plaintiffs' conversion and restitution claims.

(2)  Because plaintiffs' share of the profits and losses of Land to Home LLC has not yet been determined, whether the disbursements made to plaintiffs violated defendants' fiduciary duties cannot be resolved on the current record.

(3)  The Court has already found that Stewart Title satisfied all applicable duties when closing the transaction between Land to Home LLC and Alex White & Co. and/or its assignee, Schneider Homes, Inc.  Plaintiffs have not raised a genuine issue of fact regarding Stewart Title's liability.

(4)  Plaintiffs' requests to strike are DENIED for the reasons stated in the Order Granting

ORDER DENYING PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT            -2-

Defendant Stewart Title's Motion for Summary Judgment (Dkt. # 112).

(5) Defendants' sur-replies are substantive responses to plaintiffs' reply memoranda. As such, they are not authorized under the Local Rules of Civil Procedure and have not been considered.

For all of the foregoing reasons, plaintiffs' motion for partial summary judgment is DENIED.

Dated this 16th day of September, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT           -3-